**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6147**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO BROWN, a/k/a AB,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:15-cr-00800-RMG-1)

Submitted:  July 1, 2021                                           Decided:  July 20, 2021

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  M. Rhett Dehart, Acting United States Attorney, Nick Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Brown appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 ("First Step Act"). On appeal, Brown argues that the district court abused its discretion by finding that he had failed to establish extraordinary and compelling reasons justifying compassionate release. Because we agree that the district court committed legal error in making that determination, we vacate the district court's order and remand for further consideration of Brown's motion.

We review a district court's denial of a defendant's motion for compassionate release for abuse of discretion. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). Under the First Step Act, district courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" upon a motion of the Bureau of Prisons (BOP) or upon motion of the defendant after he has fully exhausted his administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A)(i). If a district court finds that extraordinary and compelling reasons exist, it must then consider the § 3553(a) factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Finally, a district court may grant a reduction only if it is "consistent with applicable policy statements issued by the Sentencing

2

Commission." *Id.* "As of now, there is no Sentencing Commission policy statement 'applicable' to [a defendant's] compassionate-release motion[]," as opposed to such a motion brought by the BOP. *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Thus, U.S. Sentencing Guidelines Manual § 1B1.13, p.s., does not bind a district court when it considers a compassionate release motion brought by a defendant, and courts therefore may consider "*any* extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (internal quotation marks omitted). However, the policy statement "remains helpful guidance" to courts considering such motions. *See id.* at 282 n.7.

Here, Brown argues that the district court abused its discretion by relying on USSG § 1B1.13, p.s., to determine whether Brown had established extraordinary and compelling reasons for his release. We agree. Although the district court acknowledged that the policy statement was not binding in the context of Brown's motion, it nevertheless reframed Brown's argument to fit within the framework established in the policy statement, stating that Brown's medical conditions were well managed and that his condition was stable, without referencing the possible impact of COVID-19 on someone with those conditions. The court then denied Brown's motion on the basis that his medical conditions did not meet the "threshold requirements" set forth in the policy statement. This framing resulted in the district court failing to address Brown's true argument in support of his motion: that his medical conditions, *in the context of* the current pandemic, created extraordinary and compelling reasons that justified his release. Although we express no opinion on the merits

3

of Brown's argument, we conclude that the district court abused its discretion by failing to address it.

Accordingly, we vacate the district court's order and remand for further consideration of Brown's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*